[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs, Anne Bonanno and Vito Bonanno, in separate cases, have filed nearly identical actions against Dan Perkins Chevrolet and several individual defendants. These actions sound in intentional infliction of emotional distress, defamation and invasion of privacy and are based on the alleged statements made by the defendants regarding the plaintiffs and, in particular, their sex lives. An individual defendant, Darcangelo, now moves to strike the invasion of privacy counts addressed to him.[1]
In Goodrich v. Waterbury Republican-American, Inc.,188 Conn. 107, 127-28, 438 A.2d 1317 (1982) the Supreme Court recognized a cause of action for invasion of privacy. In doing so, the Court adopted the four categories of invasion of privacy as set forth in 3 Restatement (Second), Torts § 652A. Accordingly, a cause of action for invasion of privacy can exist where there is "(a) CT Page 1670 unreasonable intrusion upon the seclusion of another; (b) appropriation of the other's name or likeness; (c) unreasonable publicity given to the other's private life; or (d) publicity that unreasonably places the other in a false light before the public." Id.
In the present case, the individual defendant moves to strike the invasion of privacy claims on the ground that the plaintiffs fail to state a legally cognizable cause of action. Specifically, the defendant, who limits his argument only as to the first category (as the others are inapplicable), argues that the plaintiffs fail to allege an invasion of privacy because there is no allegation that the defendant invaded the plaintiffs' physical privacy or intruded upon the plaintiffs' affairs by improper spying, entry or examination.
The Connecticut Appellate Courts have yet to interpret what constitutes an invasion of privacy under the first category: an unreasonable intrusion upon the seclusion of another. Comments to the section of the Restatement adopted by the Supreme Court inGoodrich, however, state that "One who intentionally intrudes physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person." 3 Restatement (Second) of Torts, § 652B (1977). As way of further illustration, the Comments also state that invasion of privacy occurs when the defendant has "intruded into a private place or otherwise invaded a private seclusion that the Plaintiff has thrown about his person or affairs." Id.
Several Connecticut courts that have found a sufficient claim for an unreasonable intrusion upon the seclusion of another is presented by factual scenarios in which the plaintiff has been subjected to both offensive verbal comments as well as unwanted physical contact. See Gallagher v. Rappaport, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149891 (May 6, 1997, D'Andrea, J.); Fields v. Kichar, Superior Court, judicial district of Tolland at Rockville, Docket No. 945868 (May 2, 1995, Klaczak, J.). Contrary to the assertions of the defendant, an allegation of physical contact is not necessary to successfully state a claim for invasion of privacy via an unreasonable intrusion upon the seclusion of another.
Courts in other jurisdictions have discarded the notion that CT Page 1671 allegations of physical intrusion upon seclusion must be present in order for a recovery under an invasion of privacy claim.Patterson v. August Wiring Systems, Inc., 944 F. Sup. 1509, 1522
(M.D. Ala. 1996) ("although the invasion may be by physical intrusion into a place in which the victim has secluded herself . . . it is unnecessary under this theory [intrusion upon seclusion of another] for the tortfeasor to intrude on the victim's physical privacy."). Thus, "highly personal questions or demands by a person . . . may be regarded as an intrusion on psychological solitude or integrity and hence an invasion of privacy." Van Jelgerhuis v. Mercury Finance Co., 940 F. Sup. 1344,1368 (S.D. Ind. 1996), quoting Prosser and Keeton on Torts § 117 (Supp. 1988). But see Haehn v. City of Hoisington, 702 F. Sup. 1526
(D. Kansas 1988) (holding that sexual comments, as well as touching are not so intrusive as to constitute an invasion of privacy).
The holdings in these cases are consistent with the comments in the Restatement that an intentional intrusion, physical orotherwise, which is highly offensive to a reasonable person will support a cause of action for invasion of privacy. (Emphasis added.) In the present case, the plaintiffs' allegations about the defendant's supposed comments regarding plaintiffs' sex life, appearance, and values are highly offensive and adequately suffice in setting forth this cause of action.
The defendant's motion to strike each plaintiff's invasion of privacy counts is denied.
NADEAU, J.